UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Global Air Charters Inc., | Case No. 24-cv-3862 (LMP/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Mayfair Jets DWC-LLC, | |
| Defendant. | |

This matter is before the Court, United States Magistrate Judge Shannon G. Elkins, on Plaintiff Global Air Charters Inc.'s ("Global Air") Motion for Leave to Serve Summons and Complaint by Other Means (Dkt. No. 9). For the reasons set forth below, Global Air's Motion is GRANTED.

## I.   Background

Global Air is a Minnesota corporation that provides on-demand air charter services to clients. In June 2024, Global Air entered an agreement with Mayfair Jets DWC-LLC ("Mayfair"), a company based in Dubai that brokers charter flights for customers seeking private jet charters. As set forth in the Complaint (Dkt. No. 1), the business relationship deteriorated, and Mayfair hired counsel in Washington, D.C., to send Global Air a demand letter on October 2, 2024. Global Air then sent Mayfair a copy of the summons and complaint in this matter on October 9, 2024, and requested that

Mayfair execute a waiver of service. Mayfair's counsel responded that he was not authorized to waive service.

To date, Global Air asserts that it has been unable to affect service on Mayfair. It has submitted declarations detailing its efforts thus far, including direct communication with Mayfair's counsel. Because Mayfair is domiciled in UAE, service of process pursuant to UAE law and custom occurs via the local UAE courts—which would mean filing legal action in the UAE. Initiating a lawsuit in UAE would require letters of rogatory through diplomatic channels, which could take between 8 and 12 months and several thousands of dollars. Global Air now moves for leave to serve Mayfair via (1) personal service and/or personal courier, (2) registered international mail to Mayfair's business address, or (3) service via email on Mr. Mohamed Hamed Ahmed Nasr at m.hamed@mayfairjets.com.[1]

## II.   Legal Standard

The Federal Rules of Civil Procedure permit service on a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) . . . ." Fed. R. Civ. P. 4(h). The Rules permit service through three methods. The first is "by any internationally agreed means of service," such as the Hague Convention. Fed. R. Civ. P. 4(f)(1). The second method of service is permitted by international agreement, to follow the foreign country's law or directions; or, if permitted, by personal

---

[1] According to the Declaration of Global Air's CFO, Mr. Nasr was one of the main points of contact with Mayfair for Global Air and is "one of the principals and/or directors of Mayfair." (Dkt. No. 13 ¶ 2.)

delivery or mail service. Fed. R. Civ. P. 4(f)(2). The third method of service is by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Finally, assuming the proposed alternative method of service does not conflict with federal law or international agreement, the Court may exercise its discretion to permit such service so long as it comports with constitutional due process. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 36 (1950).

### III.   Analysis

#### A.   Whether the Court should exercise its discretion to permit alternative service.

Global Air requests that this Court exercise its discretion to permit alternative service under Rule 4(f)(3). However, although "there is no requirement that a party exhaust efforts to effect service pursuant to Rules 4(f)(1) or 4(f)(2) before seeking alternative service under Rule 4(f)(3), courts will ordinarily permit alternative service only where the moving party shows that it has reasonably attempted to effectuate service on the defendant, and that the circumstances are such that the court's intervention is necessary." *CKR Law LLP v. Anderson investments Int'l, LLC*, 525 fuspp3d 58, 52324 (S.D.N.Y. 2021) (cleaned up). "The purpose of this inquiry is to prevent parties from whimsically seeking an alternate means of service." *Convergen Energy LLC v. Brooks*, 20-cv-3746, 2020 WL 439353, at 4 (S.D.N.Y. Jul. 17, 2020).

Rule 4(f)(2) allows service as "prescribed by the foreign country's law for service," "as the foreign authority direct in response to a letter rogatory or a letter of request," or, "unless prohibited by the foreign country's law," personal delivery or mail

that requires a signed receipt. Fed. R. Civ. P. 4(f)(2)(A)-(C). Service of process in the UAE can be effected by either "[t]he court bailiff of process server (at the request of the party, or order of the court);" "[t]he claimant or their attorney (as authorised by the court);" or "[a] private company (which are often subcontractors to a specific court)." Lucas Pitts and Yannick Hefti, *Service of claim documents within the jurisdiction and abroad Q&A: United Arab Emirates*, Pt. 3, question 3 (law stated as of March 31, 2020) (West 2022, Resource ID W-015-6221).

As other courts have determined, this confirms that "service of process in the UAE is a 'court driven process' in which 'the court will make an order (or effectively give directions) as to the service of that claim or application' and 'the service takes place through officers of the court (ie court bailiffs).'" *Karroum v. Special Equip. Supplies, LLC*, 2022 WL 18278621, at *1 (C.D. Cal. Oct. 19, 2022) (quoting *Dispute Resolution in the Middle East: Service* at 2 (2022)).[2] All of this requires active litigation in UAE courts, which itself would require letters of rogatory, thousands of dollars, and months of waiting.

Global Air supports its motion with sworn declarations by its outside counsel (Dkt. No. 12) and its CFO (Dkt. No. 13). The declarations explain that Global Air sent the Summons and Complaint to Mayfair's counsel in Washington, D.C. and requested it waive service on Mayfair's behalf, which Mayfair's counsel declined. (Dkt. No. 12, ¶¶ 4-5.) Global Air's other option would be to effectuate service through the UAE courts,

---

[2] Available online at https://www.dlapiperintelligence.com/dispute-resolution-in-the-middle-east/handbook.pdf?stage=04-service (accessed November 25, 2024).]

*see Karroum*, 2022 WL 18278621, at *1, all of which Global Air has determined would "take approximately 8-12 months and would cost at least $7,125." (Dkt. No. 12, ¶¶ 6-7.) Judge Rakoff in the U.S. District Court for the Southern District of New York found similar declarations sufficient to determine that the plaintiff had reasonably attempted to effectuate service and that the circumstances were such that the court's intervention was necessary. *CKR Law*, 525 F. Supp. 3d at 524. Accordingly, this Court concludes that Global Air has made reasonable attempts to effectuate service on Mayfair and the circumstances are such that granting leave to effect alternative service is appropriate.

### B. Whether alternative methods of service are acceptable.

Before approving a specific method of service, the Court must ensure that (1) the method is not prohibited by federal law or international agreement and (2) the method "comports with constitutional notions of due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *SEC v. Anticevic*, No. 05-cv-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)).

Global Air requests leave to serve Mayfair pursuant to Rule 4(f)(3), specifically by (1) personal courier and/or personal delivery at Mayfair's registered corporate address in Dubai, UAE, (2) mail by international mail delivery like FedEx or a similar carrier, or (3) email directed to "Mohamed Hamed Ahmed Nasr, one of the principals and/or directors of Mayfair." (See Mem. in Supp. at 9.) Mayfair's business address and business registration is in the UAE. (Dkt. No. 12, Ex. A.) The UAE is not a signatory to the Hague

Convention.[3] *E.g.*, *Berdeaux v. OneCoin Ltd.*, No. 19-cv-4074, 2020 WL 409633, at *2 (S.D.N.Y. Jan. 24, 2020). Global Air does not address this issue, but this Court's research did not reveal any other international agreement to which UAE is a party that would prohibit service by email. *Cf. S.E.C. v. Anticevic*, No. 05-cv-6991, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) ("The Court is aware of no other international agreement to which Germany or Croatia is a party that prohibits service by publication."). Similarly, this Court is not aware of any federal law that prohibits such service. *Convergen*, 2020 WL 4038353, at *5 n.4 ("It is undisputed that the [service by mail and email is] not prohibited by federal law.") Accordingly, service by mail and email is not prohibited by international agreement or federal law.

To comport with constitutional due process, service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Global Air proposes to serve Mayfair by (1) personal courier and/or personal delivery and by international mailto Mayfair's business address as listed on its UAE business license (Dkt. No. 12 Ex. A.), or (2) via email to Mr. Nasr, noting that service by email alone "comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Convergen*, 2020 WL 4038353, at *6. Global Air's CFO states that substantial correspondence with

---

[3] See https://www.hcch.net/en/states/hcch-members.

Mr. Nasr occurred over email, and that Mr. Nasr is "one of the principals and/or directors of Mayfair." (Dkt. No. 13 ¶ 2.)

Under Rule 4(h), a corporation must be served, in relevant part, "by delivering a copy of the commons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant . . . ." Fed. R. Civ. P. 4(h)(1)(B). Courts permit service on a foreign corporation by email to its officer where there is "a high likelihood that [the officer] will receive and respond to emails sent to the address[]" and the officer is "likely to provide notice of [the] action to [the corporation]." *Convergen*, 2020 WL 4038353, at *9. Global Air's CFO states that he sent and received numerous email communications with Mr. Nasr in English. (Dkt. No. 13, ¶ 2.) Global Air has satisfied this Court that Mr. Nasr receives communications through email and that Mr. Nasr is a principal and/or director of Mayfair. Based on Global Air's representations and exhibits, this Court will grant Global Air's motion to serve Mayfair by registered international mail or personal courier/delivery[4] to the address listed on Mayfair's UAE business license, or by email to Mr. Nasr.

---

[4] Global Air "has already effectuated personal service of the Summons and Complaint on Mayfair at its Dubai, UAE office" and is awaiting an affidavit of service from the process server. (Mem. in Supp. at 9 n.1; Dkt. No. 12 ¶ 9.)

## IV.    CONCLUSION

Based on the foregoing, as well as the files, records, and proceedings herein, Global Air's Motion for leave to serve summons and complaint by other means is hereby **GRANTED,** and Global Air may serve Mayfair by personal courier and/or personal delivery, by certified international mail to Mayfair's business address listed in its UAE business registration, and by email to Mr. Mohamed Hamed Ahmed Nasr at m.hamed@mayfairjets.com.

Dated: December 9, 2024

*s/ Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge

*Global Air Charters Inc. v. Mayfair Jets DWC-LLC*
Case No. 24-CV-3862 (LMP/SGE)